# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**K'UHUL TE', ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                 **NO. 25-798-BAJ-RLB**

**MIDFIRST BANK, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 9, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

K'UHUL TE', ET AL.                                    CIVIL ACTION

VERSUS                                               NO. 25-798-BAJ-RLB

MIDFIRST BANK, ET AL.

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is Everett Financial, Inc.'s ("Everett") motion to dismiss. (R. Doc. 9). Also before the Court is MidFirst Bank's ("MidFirst") motion to dismiss. (R. Doc. 13). The Court also considers K'uhul Te' (Felix Jareil Hill) and Frederica Elizabeth Hill's ("Plaintiffs") responses to these motions, and Everett and MidFirst's replies. (R. Docs. 15; 16; 17; 18; 19; 23).

## I.      Background

On September 5, 2025, Plaintiffs filed suit against Everrett, MidFirst, Freedom Mortgage Corporation ("Freedom"), and Rushmore Servicing ("Rushmore"). (R. Doc. 1). On September 16, 2025, this Court informed Plaintiffs they were responsible for serving all of the defendants in accordance with Fed. R. Civ. P. 4. (R. Doc. 4). On November 13, 2025, summons were issued for all the defendants. (R. Doc. 6). On December 10, 2025, Plaintiffs filed a certified mail slip showing an unidentified person signed for Everett's summons, on an unknown date, at 14801 Quorum Drive, Suite 300, Dallas, Texas, 75254. (R. Doc. 7). Plaintiffs also filed a certified mail slip showing a person named Mosley signed for Freedom's summons, on December 2, 2025, at 951 Yamato Rd., Ste. 175, Boca Raton, Florida, 33831. (R. Doc. 8). On December 19, 2025, Everett filed a motion to dismiss, arguing Plaintiffs' claims against it should be dismissed as they did not properly serve Everett within 90 days of filing their complaint. (R. Doc. 9). According to Everett, Plaintiffs' service attempt failed because Plaintiffs never served Everett's registered agent and because Louisiana law does not allow a corporation's agent to be served by mail. *Id.*

2

On December 22, 2025, Plaintiffs filed a certified mail slip showing Carla D'Arensbourg signed for MidFirst's summons, on an unknown date, at 3510 N. Causeway Blvd., Suite 600, Metairie, Louisiana 70002. (R. Doc. 10). MidFirst filed its motion to dismiss on December 30, 2025, arguing Plaintiffs' claims against it should be dismissed as Plaintiffs did not properly serve MidFirst within 90 days of filing the complaint. (R. Doc. 13). According to MidFirst, the address Plaintiffs mailed MidFirst's summons to is the address of the law firm that represents MidFirst in this current lawsuit, and in an underlying state lawsuit that is partially the subject of the current case. (R. Doc. 13-1). MidFirst argues this service attempt was insufficient because federal law does not authorize mail service alone without a service waiver and Louisiana law mandates personal service on a corporation's agent, not its attorney. *Id.*

Plaintiffs filed oppositions to both the motions to dismiss on January 8, 2026. (R. Docs. 15; 16). In opposition to MidFirst's motion to dismiss, Plaintiffs argued (i) it should be struck because MidFirst served no physical copy of it on Plaintiffs, (ii) MidFirst's conduct makes it subject to personal jurisdiction in Louisiana so that MidFirst is estopped from arguing otherwise, and (iii) an entry of default should be entered against MidFirst because it did not file an answer, only a motion to dismiss that was not served. (R. Doc. 15). Plaintiffs asserted MidFirst was served the complaint on September 2, 2025, and was served the summons on December 2, 2025. *Id.*

In reply to Everett's motion to dismiss, Plaintiffs argued (i) it should be struck since Everett served no physical copy of it on Plaintiffs and (ii) an entry of default should be entered against Everett because it did not file an answer, only a motion to dismiss that was not served. (R. Doc. 16).

On January 23, 2026, Plaintiffs filed an additional response to both the motions to dismiss, making the same arguments detailed above, and also asserting that (i) Plaintiffs' service upon MidFirst was proper under Louisiana law because MidFirst's counsel accepted service of the complaint, (ii) both MidFirst and Everett had actual knowledge of the action, negating any service issue, (iii) they should be afforded leniency as *pro se* plaintiffs and, at the very least, should be afforded another service opportunity. (R. Doc. 18).

On January 26, 2026, Everett filed a reply, arguing (i) it is evident Plaintiffs received actual notice of the motion to dismiss, (ii) Plaintiffs have made no showing of prejudice and fail to challenge the motion to dismiss on its merits, and (iii) entry of default is not appropriate as a motion to dismiss constitutes defending against an action. (R. Doc. 17). On February 3, 2026, MidFirst filed its reply, making the same arguments as Everett. (R. Doc. 19).

On February 12, 2026, Plaintiffs filed a final response, arguing default is warranted because the motions to dismiss do not constitute defenses against Plaintiffs' case. (R. Doc. 23). Plaintiffs point out Everett and MidFirst ("Defendants") fail to provide any proof of service, and argue their actual notice does not cure Defendants' failure to serve. Plaintiffs argue they suffered prejudice as they were forced to file a motion for default, which they would not have needed to file otherwise. Plaintiffs ask the Court to strike the motions and enter default against Defendants, or require them to serve Plaintiffs and allow more briefing.

## II.    Law and Analysis

### A.    Whether the Motions to Dismiss Should be Struck

Plaintiffs argue the motions to dismiss should be struck since Plaintiffs were never served the motions to dismiss and only learned of them because they checked the docket. Defendants point out it is clear Plaintiffs have not been prejudiced in this case. This Court agrees. Plaintiffs

4

provide no caselaw supporting the striking of a motion to dismiss in the event it is not properly served on a plaintiff. Further, it is clear Plaintiffs knew of both motions to dismiss, despite any lack of service, because they stated as much in their timely oppositions. (R. Doc. 15; 16). Prejudice from lack of service occurs when a party is unable to respond sufficiently to the motion not served. Plaintiffs thus have not been prejudiced, having been able to respond numerous times. Plaintiffs' argument that they are prejudiced because they were forced to file a motion for default is misguided and illogical. As Plaintiffs were not prejudiced, the motions to dismiss need not be struck and can still be considered by this Court, especially as service of a complaint is an issue the Court may address *sua sponte*. *See Juge v. Swift Transportation Co., of Arizona, LLC*, No. CV 17-368-BAJ-RLB, 2019 WL 3526705, at *1 (M.D. La. Apr. 23, 2019), *report and recommendation adopted,* No. CV 17-00368-BAJ-RLB, 2019 WL 5616964 (M.D. La. Aug. 1, 2019) ("This matter is before the Court *sua sponte* regarding Plaintiffs' failure to serve the defendant . . . within the time limitations provided by Rule 4(m) of the Federal Rules of Civil Procedure, or as otherwise provided by the Court."); *see also Hosemann v. Chase*, No. CV 17-74-JWD-RLB, 2019 WL 2374880, at *1 (M.D. La. Feb. 6, 2019) ("This matter is before the Court *sua sponte* regarding Plaintiff's failure to serve the defendant . . . within the time limitations provided by Rule 4(m) of the Federal Rules of Civil Procedure.").

### B.    Whether Default Judgment Should be Entered

Before reaching Plaintiffs' request for default judgment against Defendants, the Court must first determine whether they are in default. A default occurs when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" *see* Fed. R. Civ. P. 55(a). Here, as Defendants point out, no default has occurred as "motions to dismiss are consistently held to constitute defending an

action within the meaning of Rule 55(a)." *Janjua-Vessel v. Bray*, No. 4:23-CV-766-ALM-KPJ, 2024 WL 3629687, at *3 (E.D. Tex. July 9, 2024), *report and recommendation adopted,* No. 4:23CV766, 2024 WL 3625830 (E.D. Tex. July 31, 2024) (citations omitted).

Both MidFirst and Everett filed timely motions to dismiss in response to the complaint; they are not in default. Even if Defendants are technically in default because they failed to serve Plaintiffs with the motions to dismiss, the Court is not forced to grant a default judgment. *See Id.* ("Even if Barrett Daffin was technically in default as a result of their failure to serve Plaintiffs with the Barrett Daffin Motion to Dismiss, '[a] party is not entitled to a default judgment as a matter of right.'"). Here, assuming that neither of the Defendants served Plaintiffs their motions to dismiss, Plaintiffs have not been prejudiced. Default judgment is thus inappropriate. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (alteration in original) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)) ("In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'").

### C.      Plaintiffs Have Failed to Properly Serve Defendants

Plaintiffs attempted to serve both Defendants through certified mail. Under both Louisiana law and federal law, service on a corporation with a registered agent for service of process cannot be completed via certified mail. Accordingly, based on the following, Plaintiffs' service attempts failed.

### i.      Legal Standards

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the

burden of proving the validity of service or the existence of good cause for failing to effect

service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013

(5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d

434, 435 (5th Cir. 1990). "The general rule is that '[a] signed return of service constitutes prima

facie evidence of valid service, which can be overcome only by strong and convincing

evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir.

2011) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and

summons. Fed. R. Civ. P. 4(c)(1). Rule 4(h)(1) provides the requirements for service of a

corporation within a judicial district of the United States:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Service pursuant to Rule 4(e)(1) is made by "following state law for

serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, "[t]o

properly serve a corporation or business association in the United States, a plaintiff may follow

one of two options. The first option is serving the defendant under Louisiana law, which requires

7

personal service on any one of the corporation's agents for service of process. *See* La. Code Civ. Proc. Ann. arts. 1261(A), 1266(A), 1232. The second option is to deliver a copy of the summons and the complaint to an officer, a managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4(h)(1). Service may also be effectuated by requesting a waiver of service. Fed. R. Civ. P. 4(d)(1)." *Factor King, LLC v. Block Builders, LLC, et al.*, No. 14-00587, 2016 WL 723016, at *1 (M.D. La. Feb. 22, 2016).

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Even in the absence of good cause, however, the district court has discretion "to order that service be made within a specified time" as an alternative to dismissal. *Id.*; *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

### ii.    Plaintiffs' Service Attempt on Everett Failed

Plaintiffs claim they served Everett with a copy of the complaint on September 2, 2025, prior to filing the complaint in this Court on September 5, 2025. (R. Doc. 16 at 2). Plaintiffs also claim they served the Summons on Everrett on December 2, 2025. *Id.* On December 10, 2025, Plaintiffs filed, as their proof of service, a certified mail slip showing that an unidentified person signed for Everett's summons, on an unknown date, at 14801 Quorum Drive, Suite 300, Dallas, Texas, 75254. (R. Doc. 7). This service attempt is insufficient.

First, Fed. R. Civ. P. 4(c)(1) requires that "[a] summons must be served *with a copy of the complaint*[;]" Plaintiffs make clear these were sent to Everett *separately*, which is improper. Fed. R. Civ. P. 4(c)(1) (emphasis added).

Second, service by certified mail is not proper pursuant to Fed. R. Civ. P. 4(h)(1). Under Fed. R. Civ. P. 4(h)(1)(A), Everett may be served in accordance with Louisiana law. La. Code of Civ. Proc. Art. 1261 requires that a corporation ordinarily be served by personal process on the corporation's registered agent. La. Code Civ. Proc. Ann. art. 1261. Under limited circumstances ("[i]f the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent."), service on a corporation is also proper through personal service on a corporate officer, director, or employee of suitable age and discretion at "any place where the business of the corporation is regularly conducted." La. Code Civ. Proc. Ann. art. 1261(B). Everett has named an agent for service of process, so the limited circumstances are not applicable.[1] Therefore, service on Everett, as a

---

[1] *See Business Filings Search*, Louisiana Secretary of State (last visited July 9, 2026), https://coraweb.sos.la.gov/CommercialSearch/CommercialSearchDetails.aspx?CharterID=623875_3FAFA1A1EE ("Everett Financial, Inc. . . . Agent: Corporation Service Company").

corporation with a registered agent, by certified mail is not allowed under Louisiana law; service must be made through personal service on Everett's registered agent. *See Williamwest v. Richardson*, No. CV 21-800, 2021 WL 4863260, at *2 (E.D. La. Oct. 19, 2021), *aff'd,* No. 23-30264, 2024 WL 3372677 (5th Cir. July 11, 2024) ("Because Louisiana law requires personal service on a corporation's agent, service by mail is insufficient.").

Additionally, Fed. R. Civ. P. 4(h)(1)(B) allows service by "delivering" a copy of the summons and complaint to specific individuals. The Fifth Circuit has specified that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Jones v. Louisiana State Bd. of Priv. Sec. Examiners*, No. 22-258, 2023 WL 7026929, at *3 (M.D. La. Oct. 25, 2023) (quoting *Gilliam v. County of Tarrant*, 4 F. App'x 230 (5th Cir. 2004)); *see also Factor King, LLC*, 2016 WL 723016, at *2 ("Federal Express shipment does not comply with the personal service requirements under Louisiana law or Rule 4(h)(1), which do not permit service by mail."); *Wesenberg v. New Orleans Airport Motel Associates TRS, LLC,* No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) ("Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail."). Service by certified mail is therefore insufficient to comply with either service option of Fed. R. Civ. P. 4(h)(1). *Bass v. Aeneas Williams Dealership,* No. 05-1715, 200G WL 2038021, at *1 (W.D. La. May 31, 2006) (finding that serving a registered agent by certified mail was ineffective because it did not comply with the personal service requirements of Louisiana law or Rule 4(h)(1)); *Pellerin-Mayfield v. Goodwill Indus.,* No. 03-3774, 2003 WL 21474649, at *1 (E.D. La. June 20, 2003) (same).

Third, and finally, service was improper because Plaintiffs cannot serve process on Everett because Plaintiffs are a party to this action. Rule 4(c) provides that "[a]ny person who is at least 18 years old **and not a party** may serve a summons and complaint." Fed. R. Civ. P.

10

4(c)(2) (emphasis added). Accordingly, a "plaintiff—even one representing himself—cannot serve a summons and complaint." *Davis v. United States Dep't of the Treasury*, No. 18-1041, 2022 WL 1311482, at *3 n.24 (M.D. La. Feb. 28, 2022), *report and recommendation adopted*, 2022 WL 1311474 (M.D. La. Mar. 15, 2022) (citing Fed. R. Civ. P. 4(c)(2)). This rule extends to attempted service by a plaintiff by certified mail under state law. *Shabazz v. City of Houston*, 515 Fed. App'x 263 (5th Cir. 2013).

For the above reasons, Plaintiffs' service attempt on Everett failed. Further, Everett's actual notice of the case does not cure these issues. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) ("Actual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4"). The Court may, at its discretion, recommend the dismissal of Plaintiffs' claims against Everett without prejudice. However, given the Plaintiffs' *pro se* status, this Court recommends Plaintiffs be given additional time within which to serve Everett.

### iii.    Plaintiffs' Service Attempt on MidFirst Failed

Plaintiffs claim they served MidFirst with a copy of the complaint on September 2, 2025, before filing the complaint in this Court on September 5, 2025. (R. Doc. 15 at 2). Plaintiffs also claim they served the Summons on MidFirst on December 2, 2025. *Id.* Again, this is an issue because "[a] summons must be served *with a copy of the complaint*[,]" and Plaintiffs make clear these were sent *separately*. Fed. R. Civ. P. 4(c)(1) (emphasis added). On December 22, 2025, Plaintiffs filed a certified mail slip showing that Carla D'Arensbourg signed for the summons, on an unknown date, at MidFirst's law firm's address of 3510 N. Causeway Blvd., Suite 600, Metairie, Louisiana 70002. (R. Doc. 10). As explained above, service was also improper because Plaintiffs cannot serve process on MidFirst because Plaintiffs are a party to this action. Fed. R.

11

Civ. P. 4(c)(2); *Shabazz*, 515 Fed. App'x 263. For these reasons, Plaintiffs' service attempt on MidFirst is also insufficient.

Further, Plaintiffs mailed the summons to MidFirst's law firm, LOGS Legal Group LLP ("LOGS"). It appears Plaintiffs may have been seeking to serve MidFirst's attorney, but "[n]either the plain language of federal law nor Louisiana law allows for service of process on a party's attorney, unless the attorney has been appointed to receive such service of process." *Williams v. Zordan*, No. CV 21-1061, 2023 WL 6451111, at *5 (W.D. La. Sept. 29, 2023). Plaintiffs provide no proof anyone at LOGS is an agent for service of process for MidFirst. Thus, Plaintiffs' service attempt on MidFirst has failed. Again, MidFirst's actual notice of the case does not cure these issues. *See McGuire*, 48 F.3d 902, 907 ("Actual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4").

Given Plaintiffs' *pro se* status and the Court's difficulty finding MidFirst's agent, Plaintiffs should be given more time to perform service.

### D.    Plaintiffs Have Failed to Properly Serve Freedom and Rushmore

Regarding Freedom, Plaintiffs provided a certified mail slip showing Mosley signed for Freedom's summons on December 2, 2025 at 951 Yamato Rd., Suite 175, Boca Raton, Florida, 33431. (R. Doc. 8). As previously explained, since Freedom is a corporation that has designated an agent for service of process, service must be made personally on Freedom's agent to comply with Louisiana law and Rule 4(h). *See Business Filings Search*, Louisiana Secretary of State (last visited July 9, 2026), https://coraweb.sos.la.gov/CommercialSearch/Commercial SearchDetails.aspx?CharterID=761758_1AFF19CF51 ("Freedom Mortgage Corporation . . . Agent: C T Corporation System"). Accordingly, Plaintiffs' attempt to serve Freedom by certified mail was also improper.

As for Rushmore, Plaintiffs fail to provide *any* proof of service.

Given Plaintiffs' *pro se* status, and as an extension of the time to serve is recommended as to the other defendants, the Court recommends an extension as to Freedom and Rushmore.

## III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Everett Financial, Inc.'s motion to dismiss (R. Doc. 9) and MidFirst Bank's motion to dismiss (R. Doc. 13) be **DENIED** without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' be given 45 days to serve the defendants, with no further extensions being allowed, absent a showing of good cause.

Signed in Baton Rouge, Louisiana, on July 9, 2026.


_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

13